UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BANCROFT LIFE & CASUALTY ICC, LTD.,** § § § | |
| *Plaintiff*, § § | |
| v. § | CIVIL ACTION NO. 4:12-cv-2252 |
| § | |
| **GRBR VENTURES, L.P.,** § § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Pending before the Court are motions to dismiss from seven of the Third Party Defendants in this case. Three of those Defendants – CBIZ, MHM, LLC ("CBIZ"), Association Benefits Group, Inc. ("ABG"), and Bradley Barros – have moved to dismiss the third-party claims brought against them by GRBR Ventures, LP ("GRBR") in its Third Amended Answer and Counterclaim and Third-Party Complaint ("Third Amended Answer," or "TAA"; Doc. No. 88). They argue that the forum selection clauses in the insurance agreements underlying this case require dismissal and also that GRBR's pleadings are insufficient. (Doc. No. 128.) The Court has previously dismissed identical claims made against Bancroft Life & Casualty ICC, Ltd. ("Bancroft"), either pursuant to the same forum selection clauses or for insufficient pleading, and is persuaded that, for the same reasons, dismissal of GRBR's third-party claims against CBIZ, ABG, and Mr. Barros is appropriate as well.

A second group of Third Party Defendants – Loren R. Cook and Loren R. Cook & Associates Ltd., LLP ("LRCA"; Doc. No. 113), Conrad Cook & Associates Ltd., LLP ("CCA"; Doc. No. 114), and Absolutes Financial Services, LP ("Absolutes"; Doc. No. 115) (collectively, "the Cook Parties") – also have filed motions to dismiss the third-party claims GRBR has

1

brought against them. These motions are not based on forum selection clauses, but on allegedly binding arbitration clauses in certain engagement letters. Before the Court can resolve these motions, however, it seeks additional briefing from the parties in light of the Supreme Court's decision in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, --- U.S. ---, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013).

## I. BACKGROUND

This Court has decided two motions to dismiss in this case, and has already extensively explained GRBR's allegations in its Third Amended Answer. *See* Minute Entries from Mar. 28, 2013, May 15, 2013; Doc. No. 152. The background set forth previously will not be repeated, except as necessary to provide context for the Court's decisions here.

Bancroft, a St. Lucia-based company, filed this action in July 2012, seeking to collect on loans it made to GRBR as part of a complex foreign tax advantaged investment and insurance arrangement between the two. GRBR answered, asserting several defenses, counterclaims against Bancroft, and third-party claims against Mr. Cook and LRCA. Bancroft moved to dismiss GRBR's counterclaims based on the forum selection clauses in the insurance program's contracts, which, it argued, require claims arising under the insurance program to be litigated in St. Lucia. Following extensive briefing and oral argument, this Court agreed, found that GRBR had constructive notice of the insurance program's forum selection provisions, and granted Bancroft's motion. GRBR amended its pleadings following the Court's ruling. In its Third Amended Answer, in addition to amending its counterclaims against Bancroft, GRBR brought third-party claims against the remainder of the Cook Parties and against CBIZ, ABG, and Mr. Barros. Bancroft moved to dismiss GRBR's amended counterclaims against it under Federal

Rule of Civil Procedure 12(b)(6). This Court granted Bancroft's motion. Doc. No. 152. In the meantime, the pending motions were filed.

## II. CBIZ, ABG, and MR. BARROS'S MOTION TO DISMISS

CBIZ, ABG and Mr. Barros argue first, as Bancroft did, that the third-party claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) in light of the forum selection clauses in the relevant underlying insurance contracts. There is no dispute that GRBR is a signatory to those contracts. CBIZ, ABG, and Mr. Barros concede that they are not signatories. However, they claim that principles of equitable estoppel are applicable in this case, including those behind the direct benefits estoppel theory, which the Fifth Circuit has recognized in the arbitration context. *See Noble Drilling Servs., Inc. v. Certex, USA, Inc.*, 620 F.3d 469, 473-74 (5th Cir. 2010); *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 527 (5th Cir. 2000). CBIZ, ABG, and Mr. Barros assert that GRBR's third-party claims against them are no different from its counterclaims against Bancroft. They point out that GRBR has not pleaded any allegations concerning any of them that are independent from those it has pleaded against Bancroft.

CBIZ, ABG, and Mr. Barros argue that GRBR's third-party claims seek benefits from the insurance program and should therefore be governed by the contracts controlling the insurance program and their forum selection clauses, just as the Court has already determined that GRBR's identical counterclaims against Bancroft are similarly controlled by the forum selection clauses. The Court should hold GRBR estopped from bringing these claims, they contend, so as to prevent GRBR from, on the one hand, seeking to enforce the insurance contracts against CBIZ, ABG, and Mr. Barros, while, on the other, seeking to dodge the forum selection clauses in those very same contracts. Alongside this, they argue that GRBR's third-party claims against them also

allege interdependent misconduct by all of Bancroft, CBIZ, ABG, and Mr. Barros – both signatories and non-signatories to the relevant contracts. This too, they argue, is sufficient to justify the application of estoppel. *See Grigson*, 210 F.2d at 527.

Apart from these forum selection issues, CBIZ, ABG, and Mr. Barros assert that GRBR's third-party claims should be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim upon which the Court can grant relief. In so doing, they again note that the third-party claims against them are identical to the counterclaims GRBR brought against Bancroft, and incorporate the arguments for dismissal under Rule 12(b)(6) that Bancroft previously – and successfully – made. *See* Doc. Nos. 76, 89, 152. Moreover, they argue that, in merely lumping CBIZ, ABG, and Mr. Barros together in its pleadings, and not differentiating in any way between any of them or the misconduct in which they are alleged to have engaged, GRBR has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

In response, GRBR states that, CBIZ, ABG, and Mr. Barros are correct: it is indeed alleging significant and interdependent misconduct by Bancroft, CBIZ, ABG, and Mr. Barros. GRBR's Resp. Opp'n CBIZ, ABG, Barros' Mot. Dismiss ¶ 1. ("GRBR's Response"; Doc. No. 142.) Because of this, it claims that "[t]he only issue before the Court, then, is whether GRBR has sufficiently pled its claim of substantially interdependent and concerted misconduct between Bancroft and CBIZ, ABG, and Barros." *Id.* ¶ 2 (internal quotation marks omitted).

GRBR argues that its pleadings are more than sufficient. In so doing, GRBR makes two concessions. First, it states unequivocally that it agrees with CBIZ, ABG, and Mr. Barros that "it is collaterally estopped from re-litigating the Court's dismissal of its counterclaims." *Id.* ¶ 3. Second, GRBR admits its third-party claims against CBIZ, ABG, and Mr. Barros are identical to the counterclaims it brought against Bancroft. Indeed, one of GRBR's chief arguments is that the

4

claims are all of one piece: "There are no individual allegations because the claim is one of '[concerted] misconduct,' not individual misconduct." *Id.* ¶ 13. Further, just as CBIZ, ABG, and Mr. Barros incorporate the arguments Bancroft made in favor of dismissal of GRBR's counterclaims under Rule 12(b)(6), GRBR incorporates the arguments it made against dismissal of its counterclaims against Bancroft, *see* Doc. No. 86. GRBR maintains that its "arguments for retaining those remaining counterclaims in this lawsuit remain the same, and apply with equal force to CBIZ, ABG, Barros, and Bancroft." *Id.* ¶ 4.

These concessions are critical. First, because GRBR agrees that it is estopped from pressing the claims that were previously dismissed pursuant to the forum selection clauses, the Court understands GRBR to be asserting here its repleaded claims only, those of its Third Amended Answer.[1] Bancroft challenged those remaining claims in a motion to dismiss, a motion which this Court granted in full. Doc. Nos. 76, 152. Because even GRBR argues that its third-party claims against CBIZ, ABG, and Mr. Barros are identical to the very counterclaims against Bancroft which this Court has already dismissed under Rule 12(b)(6), the Court sees no reason why the third-party claims against CBIZ, ABG, and Mr. Barros should not also be dismissed. CBIZ, ABG, and Mr. Barros incorporated in full Bancroft's arguments supporting dismissal, and, in response, GRBR incorporated in full its previous arguments against dismissal. The Court has already determined that Bancroft's arguments carry the day. The Court, therefore, for the same reasons that it dismissed them against Bancroft, dismisses GRBR's claims against CBIZ,

---

[1] To the extent that GRBR is asserting third-party claims identical to those that the Court dismissed when it granted Bancroft's first motion to dismiss, those claims are also dismissed pursuant to the insurance contracts' forum selection clauses. The Court dismisses them for the same reasons that it dismissed the identical counterclaims against Bancroft, as explained in the hearings before the Court on March 28, 2013 and May 15, 2013.

ABG, and Mr. Barros under Rule 12(b)(6), and hereby incorporates the reasoning from its previous Memorandum and Order. *See* Doc. No. 152.[2]

### III. THE COOK PARTIES' MOTIONS TO DISMISS

The Cook Parties have moved, pursuant to Rule 12(b)(3), for dismissal of the third-party claims against them. They argue that arbitration clauses binding on GRBR require that it bring those claims in arbitration. However, in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, --- U.S. ---, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013), the Supreme Court held that "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." In light of this, the Court seeks expedited briefing on the following question:

> How does *Atlantic Marine* affect the pending motions to dismiss from the Cook Parties?

The parties are asked to submit, not later than May 21, 2014, their responses to this question. Responsive briefs may be filed by May 26, 2014 at noon. The dispositive and non-dispositive motions deadline regarding GRBR's third-party claims against the Cook Parties only is reset to June 20, 2014. The current May 19, 2014 deadline remains in place for dispositive and non-dispositive motions relating to all other claims in this case.

---

[2] Because it dismisses them for the same reasons that it previously dismissed the same claims against Bancroft, the Court thus does not reach the question of whether GRBR's third-party claims against CBIZ, ABG, and Mr. Barros are insufficiently pleaded under Rule 8, nor does it address whether they should be dismissed under Rule 12(b)(3).

## IV. CONCLUSION

For the reasons above, GRBR's third-party claims are **DISMISSED** as to CBIZ, ABG, and Mr. Barros. GRBR and the Cook Parties shall **SUBMIT** supplemental briefing as ordered by the Court.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the thirteenth day of May, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE